# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**REBECCA L. FAULKNER,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0163**  (BOR Appeal No. 2048674)
(Claim No. 2007219123)

**WHEELING-NISSHIN, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rebecca L. Faulkner, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling-Nisshin, Inc., by Marion Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 24, 2014, in which the Board affirmed a July 19, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 14, 2012, decision denying a request to add lower extremity radicular syndrome and discogenic syndrome as compensable components of the claim. The Office of Judges reversed the claims administrator's February 2, 2013, decision denying a request for authorization of the medication Lyrica and authorized the requested medication. Additionally, the Office of Judges reversed another claims administrator's decision dated February 2, 2013, denying a request for authorization of an interlaminal epidural steroid injection and authorized the requested treatment.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The portion of the Office of Judges' decision reversing both of the February 2, 2013, decisions has not been appealed to this Court.

Ms. Faulkner sustained serious injuries on March 18, 2007, when she fell a distance of approximately fifteen to twenty feet while attempting to avoid a piece of construction equipment. She was immediately treated in the University of Pittsburgh Medical Center's Presbyterian Hospital emergency department for a closed head injury with loss of consciousness, an acute L1 compression fracture, and a fracture of the medial malleolus. Ms. Faulkner's claim was held compensable for fracture of the ankle, fracture of a lumber vertebra, injury of other unspecified sites, and major depressive disorder.

Ms. Faulkner has undergone a T11 – L3 posterior spinal fusion, along with extensive pain management therapy, following the March 18, 2007, accident. On July 19, 2012, Lloyd Lamperski, M.D., Ms. Faulkner's treating physician, completed a diagnosis update request listing Ms. Faulkner's current diagnoses as lumbar spine pain, lower extremity radicular syndrome, discogenic syndrome, and thoracic spine pain. On September 26, 2012, Randall Short, D.O., performed a records review and recommended denying Dr. Lamperski's request to add lower extremity radicular syndrome and discogenic syndrome as compensable components of the claim. After reviewing Ms. Faulkner's medical record, including multiple treatment notes from Dr. Lamperski, Dr. Short concluded that the record contains no objective medical evidence confirming the presence of radiculopathy aside from Ms. Faulkner's subjective complaints of lower back pain radiating in to the left lower extremity. Dr. Short then opined that the current compensable diagnosis regarding the lumbar spine accounts for Ms. Faulkner's continuing lumbar spine pain which, in actuality, is a symptom and not an objective medical finding.

On December 14, 2012, the StreetSelect Grievance Board relied on Dr. Short's record review in making its determination that the request to add lower extremity radicular syndrome and discogenic syndrome as compensable components of the claim should be denied. On the same date, the claims administrator denied Dr. Lamperski's request to add lower extremity radicular syndrome and discogenic syndrome as compensable components of the claim. On February 2, 2013, the claims administrator denied a request from Dr. Lamperski for authorization of the medication Lyrica. In a separate February 2, 2013, decision, the claims administrator denied a request from Dr. Lamperski for authorization of an interlaminal epidural steroid injection.

In its Order, the Office of Judges affirmed the December 14, 2012, claims administrator's decision denying the request to add lower extremity radicular syndrome and discogenic syndrome as compensable components of the claim. Additionally, the Office of Judges reversed both of the February 2, 2013, claims administrator's decisions, and authorized the use of the medication Lyrica and authorized the requested interlaminal epidural steroid injection. As noted above, the Office of Judges' reversal of the February 2, 2013, claims administrator's decisions has not been appealed to this Court. Therefore, the sole issue on appeal is the compensability of lower extremity radicular syndrome and discogenic syndrome. On appeal, Ms. Faulkner asserts that the evidence of record demonstrates that she is experiencing symptoms associated with lumbar radiculopathy, and therefore the requested additional compensable diagnoses should be added as compensable components of the claim.

Dr. Lamperski requested the addition of lower extremity radicular syndrome and discogenic syndrome as compensable components of the claim following Ms. Faulkner's continued reports of lumbar and thoracic pain that radiates down the posterior aspect of the left lower extremity. In affirming the claims administrator's December 14, 2012, decision, the Office of Judges relied on Dr. Short's finding that Ms. Faulkner's subjective complaints are not supported by objective medical evidence verifying the presence of lumbar radiculopathy. Further, the Office of Judges relied on Dr. Short's conclusion that the current compensable diagnoses in the instant claim encompass Ms. Faulkner's current symptomology. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of January 24, 2014. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 2, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman